UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAIME ROLLE, individually and as the
natural parent of K.R., a minor,

        Plaintiff,

v.

CITY OF ORLANDO, a political subdivision
of the State of Florida, OFFICER DENNIS
TURNER, OFFICER SERGIO RAMOS,
SERGEANT DOUGLAS ANDREACCHI,
and POLICE CHIEF ORLANDO ROLON,

        Defendants.
_____/

6:23-cv-1950

## DEFENDANTS CITY OF ORLANDO AND DENNIS TURNER'S AMENDED NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. § 1331, 1441, 1443, 1446 and M.D. Fla. Local R. 1.06 the City of Orlando (the "City") and Officer Dennis Turner ("Ofc. Turner"), collectively "Defendants", hereby remove this action from the Ninth Judicial Circuit Court in and for Orange County, Florida, Case No. 2022-CA-008033-O, to the United States District Court for the Middle District of Florida, Orlando Division. In support of this Amended[1] Notice of Removal, Defendants aver as follows:

---

[1] As stated in our Notice of Striking Notice of Removal (Doc. 2), this amendment was necessitated by an oversight during the filing process through PACER/ECF. The substance of this amended notice of removal is identical to our initial notice of removal (Doc. 1).

## Procedural History and Plaintiff's Allegations

1.   Plaintiff filed his first complaint on August 30, 2022, alleging state tort claims against the City and Ofc. Turner because of the arrest of minor Plaintiff, K.R.[2] In response, Defendants filed a motion to dismiss the complaint. On September 18, 2023, Plaintiff filed his first Amended Complaint asserting state tort claims and, for the first time, claims pursuant to 42 U.S.C. §1983 against the City of Orlando and Officer Turner, as well as the following newly added Defendants: Officer Sergio Ramos, Sergeant Douglas Andreacchi and Police Chief Orlando Rolon. Defendants Officer Sergio Ramos, Sergeant Douglas Andreacchi and Police Chief Orlando Rolon have never been served with this lawsuit.

## Grounds for Removal

2.   This Court has jurisdiction over this removal pursuant to 28 U.S.C. § 1441. This action could have been filed originally in this Court pursuant to 28 U.S.C. § 1331 because it is a civil action involving a federal question pursuant to 42 U.S.C. § 1983 founded on a claim or right arising under the Constitution and laws of the United States, specifically, the Civil Rights Act of 1871, 42 U.S.C. §1983, and the Fourth Amendment of the United States Constitution. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983). Further, Defendants seek supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction because they form part of the same case or controversy under Article III of the United States Constitution pursuant to 28 U.S.C. §1367(a).

---

[2] Pursuant to M.D. Fla. Local R. 1.06(b), "a legible copy of each paper docketed in the state court" has been attached as a composite exhibit to this Notice.

## The Procedural Requirements for Removal Have Been Satisfied

3. Pursuant to 28 U.S.C. § 1441(a) and 1443, Defendants may remove this matter from state to federal court.

4. The United States District Court for the Middle District of Florida, Orlando Division, embraces Orange County in which the State court action is now pending and, therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. § 89(b) and 1441(a), and M.D. Fla. Local R. 4.02(a).

5. This case is timely removed to federal court. After Plaintiff filed his first complaint on August 30, 2022, and subsequently served Defendants, Plaintiff filed his First Amended Complaint on September 18, 2023 (the pleading setting forth the claim for relief upon which this action is based). The initial complaint was not removable because it contained only common law causes of action arising under state law. The First Amended Complaint now contains claims under 42 U.S.C. § 1983. Removal is timely as brought within 30 days of removability under 28 U.S.C. § 1446(b)(3), providing, "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleadings, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See also White v. PDB State Farm Mut. Auto. Ins. Co.*, 2013 WL 6061890, *4 (M.D. Fla. Nov. 18, 2013) (explaining that, unlike in diversity cases, the 30-day period begins to run when the state court grants leave to file an amended complaint containing a federal question).

6. Defendants City and Ofc. Turner have been properly joined and served with state-court process and consent to removal. The remaining defendants have yet to be served.

7. After filing this Notice of Removal, Defendants will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Ninth Judicial Circuit in and for Orange County, Florida in accordance with 28 U.S.C. § 1446(d).

## Non-Waiver of Defenses

8. By removing this action from the Ninth Judicial Circuit Court in and for Orange County, Florida, Defendants do not waive any defenses available to them.

9. Defendants do not admit any of the allegations made in the Plaintiff's state-court complaint unless specifically admitted.

WHEREFORE, Defendants remove the above-captioned action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division.

**WHEREFORE**, there City of Orlando and Officer Dennis Turner remove the above-captioned action from the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando, Division.

Dated:  October 9, 2023
       Orlando, Florida

Respectfully submitted,

By: /s/ Kimberly Laskoff
Kimberly Laskoff, Esq.
Florida Bar Number 136476
City of Orlando
P.O. Box 4990, 3rd floor
Orlando, Florida 32802-4990
(407) 246-2295
KLaskoffPleadings@orlando.gov
Kimberly.Laskoff@cityoforlando.net
*Attorney for Defendant City of Orlando*

By: /s/ Derek J. Angell
Derek J. Angell, Esq.
Florida Bar Number 73449
O'Connor, Haftel & Angell, PLLC
800 N Magnolia Ave, Ste 1350
Orlando, Florida 32803
(407) 843-2100
dangell@ohalaw.com
*Attorney for Defendant Dennis Turner*