UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAIME ROLLE, Individually and as
the Natural Parent of K.R., a Minor,

    Plaintiffs,

v.                          Case No.  6:23-cv-1950-ACC-RMN

CITY OF ORLANDO, SERGIO
RAMOS, DOUGLAS
ANDREACCHI, ORLANDO
ROLON, and DENNIS TURNER,

    Defendants.

_____

**PLAINTIFFS' MOTION FOR LEAVE TO FILE
A SECOND AMENDED COMPLAINT**

    Plaintiff Jaime Rolle, Individually and as the Natural Parent of K.R., a Minor, by and through undersigned counsel, respectfully requests leave to replead Count V of Plaintiffs' First Amended Complaint, including factual support therefore, that is at issue in Defendant City of Orlando's Motion to Dismiss.[1] Plaintiff's Proposed Second Amended Complaint is attached hereto as Exhibit 1.[2]

---

[1] Upon review of Defendants City of Orlando's and Dennis Turner's Motions to Dismiss Count VI of Plaintiff's First Amended Complaint, Plaintiff Jaime Rolle is no longer pursuing Count VI – Parental Loss of Filial Consortium.

[2] Should the Court require a redline version of the Second Amended Complaint, demonstrating the specific changes made, Plaintiffs will provide the same upon the Court's request.

## I.   PROCEDURAL HISTORY

Plaintiffs filed their Complaint in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida on August 30, 2022.[3] Defendants City of Orlando and Officer Dennis Turner filed a motion to dismiss Plaintiffs' Complaint on October 3, 2022. Plaintiffs then filed an Amended Complaint on September 18, 2023. Defendants City of Orlando and Officer Dennis Turner filed a Notice of Removal on October 10, 2023. ECF No. 3. Defendants City of Orlando and Officer Dennis Turner filed separate motions for extension of time to file their responses to Plaintiffs' Amended Complaint on October 16, 2023. ECF Nos. 8-9. The motions for extension were granted that same day. ECF Nos. 10-11. Defendants City of Orlando and Officer Dennis Turner then filed separate motions to dismiss Plaintiffs' Amended Complaint on October 30, 2023. ECF Nos. 17; 21. On November 3, 2023, Plaintiffs filed an Unopposed Motion for Extension of Time to File a Response to Defendants Motions to Dismiss which was granted on November 7, 2023. ECF Nos. 23-24.

## II.   LEGAL STANDARD

Generally, Rule 15 requires that "leave be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant a party leave to amend a pleading the court may consider factors, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

---

[3] *Jaime Rolle, Individually and as the Natural Parent of K.R., a Minor v. City of Orlando, et al.*, Case No. 2022-CA-8033-O.

amendment, and futility of amendment." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv. Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Notably, the Eleventh Circuit Court of Appeals "has accepted a policy of liberal amendment." *United States for Use & Benefit of Krupp Steel Products, Inc. v. Aetna Ins. Co.*, 831 F.2d 978, 983 (11th Cir. 1987) (citing *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519 (11th Cir. 1985); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981)); *Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040, 1041-42 (11th Cir. 1986) (noting that Rule 15's direction that leave to amend "shall be freely given when justice so requires" is a "mandate [that] is to be heeded"). Finally, an outright refusal to grant leave to amend is an abuse of discretion. *Foman*, 371 U.S. at 182.

### III.   ARGUMENT

Plaintiff should be granted leave to replead Count V of Plaintiffs' First Amended Complaint because Plaintiffs have a good faith basis to do so, Defendants will not be unfairly prejudiced, and amendment will not be futile.

Plaintiffs seek leave to replead their *Monell* Claim for Municipal Liability against Defendant City of Orlando. Rule 15's "purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1471 (3d ed. 1998). While Plaintiffs do not agree with Defendant City of Orlando that Plaintiffs' First Amended Complaint should be dismissed for failure to state a claim, Plaintiffs seek to avoid future unnecessary motion practice by curing any perceived deficiencies identified by

3

Defendant City of Orlando. ECF No. 17. In doing so, Plaintiffs provide additional specificity regarding Defendant City of Orlando's unconstitutional unwritten policies / practices (1) that permitted police officers to arrest and/or charge children as young as six years old without probable cause that a crime had been committed and (2) of hiring officers to serve as SROs when they are inexperienced with children and/or not trained in accordance with Defendant City of Orlando's written policies.

Further, there will be no prejudice to Defendants if the proposed amendment is permitted. Moreover, discovery has not yet begun, and Defendants will not be required to undertake an entirely new course of defense at a late stage in the litigation. As such, leave to amend should be freely given.

### IV.   CONCLUSION

Plaintiffs' Motion for Leave to File a Second Amended Complaint should be granted because Plaintiffs seek to do so in good faith, amendment will not be futile, and Defendants will not be prejudiced if Plaintiffs' motion is granted. Accordingly, leave should be freely given so that Plaintiff's remaining claims may be decided fully upon the merits in accordance with the purpose of Rule 15.

*   *   SIGNATURE PAGE FOLLOWS   *   *

DATED this 4th day of December 2023.

        Respectfully submitted,

        */s/ Justin S. Abbarno*
        Justin S. Abbarno
        State Bar No. 1027968
        Robert F. DiCello
        Admitted *pro hac vice*
        **DiCELLO LEVITT LLP**
        8160 Norton Parkway, Third Floor
        Mentor, Ohio  44060
        Tel.:  (440) 953-8888
        Fax:   (440) 953-9137
        jabbarno@dicellolevitt.com
        rfdicello@dicellolevitt.com

        ***Counsel for Plaintiffs***

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to L.R. 3.01(g), undersigned hereby certifies that on December 4, 2023, he conferred with defense counsel for Defendant Dennis Turner, Derek Angell, via email. Defendant Dennis Turner does not oppose the granting of this Motion. With respect to defense counsel for Defendant City of Orlando, undersigned certifies that on December 4, 2023, he sent an email requesting the opportunity to discuss this motion and identifying its contents to defense counsel, Kimberly Laskoff, but has not received a response from Ms. Laskoff as of the filing of this Motion.

*/s/ Justin S. Abbarno*
Justin S. Abbarno
State Bar No. 1027968

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide copies to the court's designated recipients.

                                           */s/ Justin S. Abbarno*
                                           Justin S. Abbarno
                                           State Bar No. 1027968