UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAIME ROLLE, as the Natural Parent
of K.R., a Minor,

    Plaintiff,

v.                                                   Case No.   6:23-cv-1950-ACC-RMN

CITY OF ORLANDO, SERGIO
RAMOS, DOUGLAS
ANDREACCHI, ORLANDO
ROLON, and DENNIS TURNER,

    Defendants.

_____

**UNOPPOSED MOTION TO RECONSIDER OR SET ASIDE THE COURT'S ORDER DISMISSING COUNT V OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff Jaime Rolle, as the Natural Parent of K.R., a Minor, by and through undersigned counsel, respectfully moves this Court to set aside the Court's Order Dismissing Count V of Plaintiff's Second Amended Complaint. ECF No. 39.

## I.   PROCEDURAL HISTORY

Plaintiff filed her Complaint in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida on August 30, 2022.[1] Defendants City of Orlando and Officer Dennis Turner filed a motion to dismiss the Complaint on October 3, 2022. Plaintiff then filed an Amended Complaint on September 18, 2023. Defendants City

---

[1] *Jaime Rolle, Individually and as the Natural Parent of K.R., a Minor v. City of Orlando, et al.*, Case No. 2022-CA-8033-O.

of Orlando and Officer Dennis Turner filed a Notice of Removal on October 10, 2023. ECF No. 3.

Defendants City of Orlando and Officer Dennis Turner filed separate motions for extension of time to file their responses to the Amended Complaint on October 16, 2023. ECF Nos. 8-9. The motions for extension were granted that same day. ECF Nos. 10-11. Defendants City of Orlando and Officer Dennis Turner then filed separate motions to dismiss the Amended Complaint on October 30, 2023. ECF Nos. 17; 21. On November 3, 2023, Plaintiff filed an Unopposed Motion for Extension of Time to File a Response to Defendants' Motions to Dismiss which was granted on November 7, 2023. ECF Nos. 23-24.

Plaintiff filed the Second Amended Complaint on December 7, 2023. ECF No. 28. Defendant City of Orlando filed a Motion to Dismiss Count V of the Second Amended Complaint on December 20, 2023. ECF Nos. 34. The next day, counsel for Defendant City of Orlando reached out to Plaintiff's counsel, requesting a meet and confer regarding Defendant City of Orlando's Motion to Dismiss Count V. *See* December 21, 2023 Email Chain (attached hereto as Exhibit 1). The parties agreed to confer on January 16, 2024. *Id.*

On January 12, 2024, the Court entered an Order Granting Defendant City of Orlando's Motion to Dismiss Count V. ECF No. 39. Undersigned Counsel then contacted counsel for Defendant City of Orlando and shared Plaintiff's understanding that Defendant City of Orlando intended to meet and confer regarding its Motion to Dismiss Count V so that Plaintiff could consider whether another amended complaint

would be necessary or if Plaintiff should file a brief in opposition to Defendant City of Orlando's Motion to Dismiss. During the call, Defendant City of Orlando advised they would not oppose Plaintiff's motion to reconsider or in the alternative, set aside the Court's Order of Dismissal to allow the parties to meet and confer on the *Monell* claim which is the subject of Count V of Plaintiff's Second Amended Complaint.

Plaintiff now moves this Honorable Court to reconsider or set aside the Order Granting Defendant City of Orlando's Motion to Dismiss Count V to allow the parties to meet and confer.

## II.    LAW AND ARGUMENT

Local Rule 3.01(c) states that "a party may respond to a motion to dismiss […] within twenty one days after service of the motion." The Court *may* treat the motion to dismiss as unopposed if a party fails to timely respond. *Id.* However, the Eleventh Circuit Court of Appeals gives broad discretion to this Court to consider a party's untimely response in favor of a "strong policy of resolving issues on the merits, rather than on procedural technicalities." *Whitehead By and Through Whitehead v. Sch. Bd. for Hillsborough Cty., State of Fla.*, 932 F.Supp. 1396, 1399 (M.D. Fla. June 28, 1996) (granting the plaintiffs the opportunity to respond to the defendant motion to dismiss, after filing a response some three weeks late); *Morales ex rel. v. Palm Beach Cty. Sheriff's Office*, No. 12–80153–CIV., 2012 WL 10716785 (S.D. Fla. Aug. 8, 2012) (re-opening a case and vacating dismissal, preferring to resolve cases and motions on their merits

rather than on technical or procedural errors and where the defendants are not opposed to the relief requested).

Here, the parties scheduled a meet and confer on Defendant City of Orlando's Motion to Dismiss on January 16, 2024 at Defendant City of Orlando's request on the first date of available for Defendant City of Orlando's counsel. *See* Ex. 1. Indeed, the parties met on January 16, 2024 and discussed the filing of this motion. Counsel for Defendant City of Orlando has no objection to this motion. In hindsight, the better practice would have been to seek leave from the Court for an extension of time until the parties were able to hold their previously scheduled meet and confer.

This motion is unopposed and is brought in good faith. *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 848 (11th Cir. 1996) (The court held that appellant's neglect to timely file the request for trial de novo was excusable because it did not prejudice appellee, did not cause any delay, and was not due to appellant's bad faith). Further, this motion will not prejudice Defendant City of Orlando because the Court will still have an opportunity to rule of its Motion to Dismiss in the event that the parties are unable to come to an agreement through the meet and confer process.

In light of the Eleventh Circuit Court of Appeals "strong policy of resolving issues on the merits, rather than on procedural technicalities" and because this motion is unopposed, Plaintiff respectfully requests that this Court reconsider and set aside the Order Dismissing Count V of Plaintiffs Second Amended Complaint and allow the parties to meet and confer on Defendant City of Orlando's Motion to Dismiss Count

V of the Second Amended Complaint. *Whitehead By and Through Whitehead*, 932 F.Supp. at 1399.

### III.   CONCLUSION

In the interest of justice, Plaintiff respectfully requests that the Court reconsider and set aside the Order Dismissing Count V of Plaintiffs Second Amended Complaint and allow the parties to meet and confer on the *Monell* claim—Count V of the Second Amended Complaint—and file a response within 20 days of the Court's order on this Motion.

DATED this 25th day of January 2024.

                                    Respectfully submitted,

                                    */s/ Justin S. Abbarno*
                                    Justin S. Abbarno
                                    State Bar No. 1027968
                                    Robert F. DiCello
                                    Admitted *pro hac vice*
                                    **DICELLO LEVITT LLP**
                                    8160 Norton Parkway, Third Floor
                                    Mentor, Ohio  44060
                                    Tel.:  (440) 953-8888
                                    Fax:  (440) 953-9137
                                    jabbarno@dicellolevitt.com
                                    rfdicello@dicellolevitt.com

                                    ***Counsel for Plaintiff***

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to L.R. 3.01(g), undersigned hereby certifies that on January 16, 2024, he conferred with counsel for Defendant City of Orlando via telephone call. Additionally, Plaintiff conferred with counsel for Defendant Dennis Turner via email on January 25, 2024. Defendants do not oppose the granting of this Motion.

                                                          /s/ *Justin S. Abbarno*
                                                          Justin S. Abbarno
                                                          State Bar No. 1027968

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 25, 2024 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide copies to the court's designated recipients.

                                      */s/ Justin S. Abbarno*
                                      Justin S. Abbarno
                                      State Bar No. 1027968