## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JAIME ROLLE, individually and
as the natural parent of K.R., a
minor,

      Plaintiff,

v.

CITY OF ORLANDO, a political
subdivision of the State of Florida,
OFFICER DENNIS TURNER,
OFFICER SERGIO RAMOS,
SERGEANT DOUGLAS
ANDREACCHI, and POLICE
CHIEF ORLANDO ROLON,

      Defendants.

_____/

CASE NO. 6:23-cv-01950

### DEFENDANTS OFFICER SERGIO RAMOS, SERGEANT DOUGLAS ANDREACCHI AND POLICE CHIEF ORLANDO ROLON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT WITH JURY TRIAL DEMAND

COMES NOW, Defendants OFFICER SERGIO RAMOS ("Ofc. Ramos"), SERGEANT DOUGLAS ANREACCHI ("Sgt. Andreacchi") and POLICE CHIEF ORLANDO ROLON ("Chief Rolon") (collectively referred to as "Defendants") and hereby file their Answer, Affirmative Defenses, and Demand for Jury Trial in response to the Second Amended Complaint filed by Plaintiff JAIME ROLLE, individually and as the natural parent of K.R., a minor.

## INTRODUCTION

Plaintiff's introduction is replete with hyperbole and violates Rule 8's requirement that a complaint must only contain a "short and plain statement of the claim." As a result, Paragraphs 1–10 would be appropriately stricken under Rule 12(f) as "redundant, immaterial, impertinent, or scandalous." Notwithstanding, Defendants admit that probable cause existed to lawfully arrest K.R., and reasonable force was used in accordance with the Fourth Amendment. The remaining allegations within Plaintiff's introduction are denied.

## JURISDICTION AND VENUE

11. All prior paragraphs are restated herein by this reference.

12. Admitted for jurisdictional purposes only; otherwise, denied.

13. Admitted that the state court had original jurisdiction.

14. Admitted that the state court has personal jurisdiction over Defendants.

15. Admitted that venue was properly laid in the state court.

16. Denied that such relief is available.

17. Admitted that Defendants acted under color of state law; otherwise, denied.

## PARTIES

18. All prior paragraphs are restated herein by this reference.

19. Without knowledge; therefore, denied.

20. Without knowledge; therefore, denied.

21. Without knowledge; therefore, denied.

22. All preceding paragraphs are incorporated as if fully rewritten herein.

23. Admitted that Ofc. Turner acted under color of state law; otherwise, denied.

24. Without knowledge; therefore, denied.

25. Admitted that Ofc. Ramos acted under color of state law; otherwise, denied.

26. Admitted that the state court and this Court have personal jurisdiction over Ofc. Ramos and that venue is proper; otherwise, denied as vague as to relevant time.

27. Admitted that Sgt. Andreacchi acted under color of state law; otherwise, denied.

28. Denied.

29. Denied.

30. Denied.

31. Admitted that the state court and this Court have personal jurisdiction over Sgt. Andreacchi and that venue is proper; otherwise, denied as vague as to relevant time.

32. Admitted that Chief Rolon was employed by the City of Orlando and held the position of Chief of Police of the Orlando Police Department; otherwise, denied.

33. Admitted that the state court and this Court have personal jurisdiction over Chief Rolon and that venue is proper; otherwise, denied as vague as to relevant time.

34. Denied as phrased.

3

35. Admitted.

36. Denied as phrased.

37. Denied as phrased.

38. Admitted.

39. Denied.

## STATEMENT OF FACTS

Much like Plaintiff's "Introduction," the Statement of Facts "Historical Background and Research," Paragraphs 40–47, contains nothing but "redundant, immaterial, impertinent, or scandalous" matter which would be appropriately stricken under Rule 12(f). All allegations in this section of the complaint are denied.

48. All preceding paragraphs are incorporated as if fully rewritten herein.

49. Denied.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made and therefore, denies them.

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made and therefore, denies them.

52. Denied.

53. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made and therefore, denies them.

54. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made and therefore, denies them.

55. Denied.

56. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made and therefore, denies them.

57. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made and therefore, denies them.

58. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made and therefore, denies them.

59. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made and therefore, denies them.

60. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made and therefore, denies them.

61. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made and therefore, denies them.

62. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations (including its subparts) made and therefore, denies them.

63. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made and therefore, denies them.

64. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made and therefore, denies them.

65. Denied.

66. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made and therefore, denies them.

67. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made and therefore, denies them.

68. Denied.

69. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made and therefore, denies them.

70. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made and therefore, denies them.

71. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made and therefore, denies them.

72. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made and therefore, denies them.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied as phrased.

96. Denied, including the denial of all subparts.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

## COUNT I—EXCESSIVE FORCE
### (on behalf of Ofc. Ramos, only)

102. All preceding paragraphs are incorporated as if fully rewritten herein.

103. Admitted for jurisdictional purposes only; otherwise, denied.

104. The statute speaks for itself.

105. The Amendment speaks for itself.

106. The case law speaks for itself.

107. Denied.

108. Denied.

109. Denied.

110. Denied, including the denial of all subparts.

111. Denied.

## COUNT II—FALSE ARREST
### (on behalf of Ofc. Ramos, only)

112. All preceding paragraphs are incorporated as if fully rewritten herein.

113. Admitted for jurisdictional purposes only; otherwise, denied.

114. The case law speaks for itself.

115. Denied.

116. Denied.

117. Denied.

118. Admitted that no warrant was obtained; denied to the extent that Plaintiff

infers that any warrant was required.

119. Denied.

120. Denied, including the denial of all subparts.

121. Denied, including the denial of all subparts.

122. Denied.

123. Denied, including the denial of all subparts.

124. Denied.

125. Denied.

## COUNT III—MALICIOUS PROSECUTION
### (on behalf of Ofc. Ramos, only)

126. All preceding paragraphs are incorporated as if fully rewritten herein.

127. Admitted for jurisdictional purposes only; otherwise, denied.

128. The case law speaks for itself.

129. Denied.

130. Denied, including the denial of all subparts.

131. Denied, including the denial of all subparts.

132. Denied.

133. Denied.

134. Denied.

## COUNT IV—SUPERVISORY LIABILITY

135. All preceding paragraphs are incorporated as if fully rewritten herein.

136. Denied.

137. Denied.

138. Denied, including the denial of all subparts.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

## COUNT V—MONELL CLAIM

This Count does not appear to be alleged against Defendants such that no response thereto is required of these Defendants; however, to the extent that any such response is so required, Defendants deny all such allegations.

## VI. JURY DEMAND

176.  Defendants respectfully demand a trial by jury on all issues so triable.

## VII.  PRAYER FOR RELIEF

The allegations and subparts in the Plaintiff's WHEREFORE clause requesting damages are conclusions of law and of the pleaders, and as such, require no response.  To the extent a response is required, Defendants deny they are liable to the Plaintiff in damages.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a cause of action for excessive force under 42 U.S.C. § 1983 because the alleged facts do not plausibly establish any constitutional violations.

2. Plaintiff has failed to state a cause of action for false arrest under 42 U.S.C. § 1983 because the alleged facts do not plausibly establish any constitutional violations.

3. Plaintiff has failed to state a cause of action for malicious prosecution under 42 U.S.C. § 1983 because the alleged facts do not plausibly establish any constitutional violations.

4. Plaintiff's complaint is a shotgun pleading that fails to state any cause of action under F.R.C.P. 12(b)(6) because it lumps all defendants into every count and realleges all previous counts into each subsequent count.

5. Defendant officers are entitled to qualified immunity from liability and suit because they did not violate the Constitution, and, even if they did, the violations were not clearly established under the then-existing decisional

authority of the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, or the Florida Supreme Court.

6. Probable cause existed to arrest K.R.

7. Reasonable suspicion existed to detain K.R.

8. The use of force during K.R.'s arrest was objectively reasonable.

9. The use of force was authorized by the Constitution and, separately, by §776.05, Fla. Stat.

10. Plaintiff has failed to mitigate her damages.

11. Plaintiff failed to comply with conditions precedent to suit.

12. To the extent Plaintiff has received payments from any so-called collateral sources, any judgment against this Defendant should be set off accordingly.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed through the Middle District of Florida ECF/CM filing system.

Dated:  February 27, 2024

/s/Kimberly Laskoff
**Kimberly Laskoff**
Florida Bar No. 0136476
City of Orlando
P.O. Box 4990, 3rd floor
Orlando, FL 32802-4990
Tel. (407) 246-2295
Fax: (407) 246-2854
KLaskoffPleadings@orlando.gov
Kimberly.laskoff@cityoforlando.net
Attorney for Defendants, City of Orlando, Ofc. Ramos, Sgt. Andreacchi & Chief Rolon