UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAIME ROLLE and K.R,　　　　　　　　CASE NO. 6:23-cv-1950-ACC-RMN

　　　Plaintiffs,

v.

CITY OF ORLANDO, et al.,

　　　Defendants.
_____/

**JOINT MOTION TO SEEK ORDER
FOR DISCLOSURE OF CONFIDENTIAL RECORDS
PURSUANT TO FLORIDA STATUTE SECTION 119**

　　　COMES NOW, Plaintiff and Defendant CITY of ORLANDO, by and through undersigned counsel, and pursuant to chapter 119, Fla. Stat. seek an order from the Court for the release of confidential and exempt records that may be made available during discovery and disclosures in this matter.  In support of this Motion, the parties show:

1. Plaintiff has filed a suit alleging various constitutional violations against Defendants stemming from an incident involving minor Plaintiff, K.R.
2. Plaintiff has served discovery on Defendants, some of which seeks the release of public records which contain, *inter alia*, juvenile justice information under section 985.04, Fla. Stat.and emergency communications information under

section 365.171, Fla. Stat., which are in the possession of the Orlando Police Department specifically:

a) Data reflected in a spreadsheet titled "Juvenile Arrests from 2014-2019" and

b) Certain documents and interview transcripts contained in OPD Internal Affairs case IR19-101.

3. Defendant agrees to the production of the information sought by Plaintiff, but can only produce that confidential and exempt information pursuant to a court order.

4. Florida Statute section 985.04 makes juvenile justice records confidential and exempt from disclosure absent a court order:

> (1)(a)   Except as provided in subsections (2), (3), (6), and (7) and s. 943.053, **all information obtained under this chapter in the discharge of official duty** by any judge, any employee of the court, any authorized agent of the department, …, any law enforcement agent, … **is confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution**. This exemption applies to information obtained before, on, or after the effective date of this exemption.
>
> (b)   **Such confidential and exempt information may be disclosed only** to the authorized personnel of the court, the department and its designees, …, and others entitled under this chapter to receive that information, or **upon order of the court**.

5. "[C]ourts may order a governmental or law enforcement agency to open its records for the purpose of providing information that is exempt from disclosure under the Florida Public Records Act ... upon a showing of

'exceptional necessity' or 'extraordinary circumstances.'" *Crews v. Hensley*, No. 3:05-CV-1288-J-12MCR, 2006 WL 679596, at *1 (M.D. Fla. June 13, 2006) (citing *Henderson v. Perez,* 835 So. 2d 390, 392 (Fla. 2d DCA 2003) and *Department of Highway Safety & Motor Vehicles v. Krejci Co. Inc.*, 570 So. 2d 1322 (Fla. 2d DCA 1990)).

6. Here, the parties stipulate that plaintiffs have shown the exceptional necessity required by Florida as they relate to the crux of the claims being litigated in matter.

7. In the event that this Court grants this motion, the parties have already entered into an agreement relating to the release of any confidential and exempt information made available by the parties in connection with this action. That agreement provides for the necessary protocols to ensure that such confidential and exempt information is not released beyond what is necessary to reach the merits of this matter.

WHEREFORE, the parties seek an order from this Court for Defendant CITY OF ORLANDO to release the requested confidential records as agreed to by the parties.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the United States District Court, Middle District of Florida, Orlando Division, which will forward a copy to all registered attorneys/parties to this suit.

Dated:  October 7, 2024

        Respectfully submitted,

        /s/Kimberly Laskoff
        **Kimberly Laskoff**
        Florida Bar No.  0136476
        City of Orlando
        P.O. Box 4990, 3rd floor
        Orlando, FL  32802-4990
        Tel. (407) 246-2295
        KLaskoffpleadings@orlando.gov
        Kimberly.Laskoff@cityoforlando.net
        Attorney for Defendant,
        City of Orlando


        */s/ Justin S. Abbarno*
        Justin S. Abbarno
        State Bar No. 1027968
        Robert F. DiCello
        Admitted Pro Hac Vice [ECF No. 22]
        **DıCELLO LEVITT LLP**
        8160 Norton Parkway, Third Floor
        Mentor, Ohio  44060
        Tel.:   (440) 953-8888
        Fax:   (440) 953-9138
        jabbarno@dicellolevitt.com
        rfdicello@dicellolevitt.com