UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAIME ROLLE and K.R., CASE NO: 6:23-cv-1950-ACC-RMN

Plaintiffs,

v.

CITY OF ORLANDO, SERGIO RAMOS, DOUGLAS ANDREACCHI, ORLANDO ROLON, and DENNIS TURNER,

Defendants.
_________________________________/

**DEFENDANTS, CITY OF ORLANDO, ORLANDO ROLON, SERGIO RAMOS, AND DOUGLAS ANDREACCHI'S AGREED MOTION FOR ENTRY OF FINAL JUDGMENT**

Defendants CITY OF ORLANDO, ORLANDO ROLON , SERGIO RAMOS, and DOUGLAS ANDREACCHI (collectively referred to as "Prevailing Defendants") by and through undersigned counsel and pursuant to rule 54(b), Federal Rules of Civil Procedure, hereby request the Court to enter final judgment as to these Prevailing Defendants as they have reached an agreement with Plaintiffs resolving all claims against these Parties in this action, and therefore request this Court to entry final judgment in their favor, and in support thereof state the following:

## RELEVANT PROCEDURAL BACKGROUND

1. The subject lawsuit arises from an incident on September 19, 2019, in which Plaintiff K.R. was arrested by reserve officer Dennis Turner (hereinafter "Turner") at her school as a result of her disruptive behavior. Following this incident, Plaintiffs have brought Federal Civil Rights Claims against Turner, Sergio Ramos ("Ramos") and Douglas Andreacchi ("Andreacchi"), the City of Orlando ("City"), and former Chief Rolon. [Dkt. 28].

2. Plaintiff's Second Amended Complaint (SAC) alleged five § 1983 constitutional claims: Count I for excessive force against Turner and Sergio Ramos; Count II for false arrest against Turner and Ramos; Count III for malicious prosecution against Turner and Ramos; Count IV for supervisory liability against Rolon and Douglas Andreacchi; and Count V, a *Monell* claim for municipal liability against the City. [SAC ¶¶ 102, 112, 126, 135, 147].

3. On August 15, 2025, this Court granted the Prevailing Defendants' Motions, finding each of the Prevailing Defendants was entitled to summary judgment. [Dkt. 127].[1]

---

[1] The Court denied Turner's Motion, and accordingly, the matter remained pending as to Defendant Turner only, who took a timely interlocutory appeal. Turner, however, was tragically shot and killed before his reply brief was due. This unfortunate situation has created the quandary currently before the Court as to Plaintiff's claims against Turner and/or his estate.

4. On August 29, 2025, Prevailing Defendants Orlando Rolon and City of Orlando filed their Motion to Tax Fees and Costs. [Dkt. 129].

5. Following the filing of the Motion to Tax Fees and Costs the Prevailing Defendants reached an agreement with Plaintiff wherein Plaintiff agreed to accept and not to appeal the Order granting summary judgment, as to the Prevailing Defendants. (See Executed Stipulation attached hereto as Exhibit "A"). Plaintiffs further agreed that "[j]udgement will be entered in favor of those defendants in accordance with the granting of summary judgement. In exchange, the City of Orlando and Chief Rolon will agree to withdraw the currently pending Motion to Tax Fees and Costs." *Id*.

6. Resultantly, these claims—separable from those remaining against Turner—between Plaintiffs and the Prevailing Defendants have been disposed of in their entirety.

7. After execution of the above Stipulation, Defendant Turner timely filed an interlocutory appeal. [Dkt. 130]. However, before his reply brief was due, Turner was tragically shot and killed. The first-degree murder case is pending. *State of Fla. v. Jeffrey B. London*, Fla. 9th Jud. Cir.,Orange Cty. No. 2026-CF-000054-A-O.

8. Turner's estate has now been opened, and Attorney Sean F. Bogle ("Attorney Bogle") has been appointed as the personal representative. The letters

of administration and order appointing personal representative have been filed by Plaintiff. [Doc. 147-2 at 9, 12.]

9. Attorney Bogle did not file a reply brief or other paper as required by the Eleventh Circuit, and the appellate proceeding was dismissed for lack of prosecution. [Doc. 147-4.]

10. Because the claims against the Prevailing Defendants have been disposed of in their entirety, with no concern regarding piecemeal appeals as Plaintiffs have agreed they will not appeal the Court's Order granting summary judgment in the Prevailing Defendants' favor, there is no just reason to delay certifying the order as final. As such, the Prevailing Defendants request that this Court enter final judgment in their favor.

11. Defendants City and Rolon prior to Mr. Turner's untimely death intended to file such a motion after conclusion of the appeal of the Order denying him qualified immunity. Had that Order been reversed, the entire claim would have been disposed of, and clearly ripe for entry of final judgment. However, given the unfortunate turn of events, the Prevailing Defendants believe it is appropriate for entry of final judgment at this time.

12. Counsel for Plaintiff has been consulted about the relief sought in this Motion and has no objection to the requested relief.

**MEMORANDUM OF LAW**

Fed. R. Civ. P 54(b) provides that "When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Rule 54(b) requires two things: a final judgment, and a determination that there is "no just reason" to delay certifying the order as final and immediately appealable. *Scott v. Advanced Pharm. Consultants, Inc*., 84 F.4th 952, 959 (11th Cir. 2023). To determine if there is a final judgment for purposes of a Rule 54(b) certification, the court's task is to "scrutinize the district court's evaluation of the interrelationship of the claims, in order to decide whether the district court completely disposed of one or more claims." *Brandt v. Bassett* (*In re Se. Banking Corp.),* 69 F.3d 1539, 1546 (11th Cir. 1995). "We have interpreted the first prong of Rule 54(b) to require that a judgment 'disposes entirely of a separable claim

or dismisses a party entirely' in order to be considered 'final.' " *Lloyd Noland*, 483 F.3d at 779 (quoting *In re Se. Banking Corp*., 69 F.3d at 1547).

Here, the first prong is unquestionably satisfied, as the Order for which the Prevailing Defendants seek certification disposes of their claims against Plaintiffs in their entirety, and could immediately be reduced to a final judgment. *See, e.g., In re Southeast Banking Corp*., 69 F.3d 1539, 1547 (11th Cir.1995) ("A district court has the discretion to certify a judgment…only when it is 'final' within the meaning of Rule 54(b), which means that the judgment disposes entirely of a separable claim or dismisses a party entirely."). Similarly, because the entire purpose behind Rule 54(b) is to avoid piecemeal appeals, the second prong of the test is also satisfied here as Plaintiff has agreed she will not appeal the summary judgment Orders as to the Prevailing Defendants.

In the alternative, if the Court is inclined to deny this Motion, counsel for the Prevailing Defendants requests an order excusing them from all further trial court appearances and responsibilities pending ultimate conclusion of all claims.

WHEREFORE Defendants CITY OF ORLANDO, ORLANDO ROLON , SERGIO RAMOS, and DOUGLAS ANDREACCHI respectfully request this Court enter final judgment in their favor, and for such other and further relief as the Court deems just and proper.

**CERTIFICATE OF GOOD FAITH**

**I HEREBY CERTIFY** that pursuant to this Court's Local Rule 3.01(g), on September 17, 2026, the undersigned conferred with counsel with regard to the instant motion, and they do not object to the relief sought.

**I HEREBY CERTIFY** that on September 21, 2026, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system which will send a copy to all registered attorneys/parties to this suit.

/s/ *Alyssa J. Flood*
Alyssa J. Flood, ESQ.
Florida Bar No. 99755
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310
Fax: 407-648-0233
AFlood@drml-law.com
Attorneys for Defendants City of
Orlando and Orlando Rolon

/s/ *Alexander J. Karden*
Alexander J. Karden, Esq.
Florida Bar No. 84380
Assistant City Attorney
400 S Orange Avenue
Orlando, FL 32801
Tel. (407) 246-2295
akardenpleadings@orlando.gov
alexander.karden@orlando.gov
Attorney for Defendants Sergio Ramos
and Douglas Andreacchi

/s/ *Joseph R. Flood, Jr.*
Joseph R. Flood, Jr., ESQ.
Florida Bar No. 99755
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310
Fax: 407-648-0233
JFlood@drml-law.com
Attorneys for Defendants City of
Orlando and Orlando Rolon